IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Larry Mattress, #264264, | ) | |
| | ) | C/A No. 0:08-00503-HMH-PJG |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Active Warden, Leroy Cartledge, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This habeas corpus matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC on the petitioner's motion for default and summary judgment (Docket Entry 13) and the respondent's motion for summary judgment (Docket Entry 17). The petitioner, Larry Mattress ("Mattress"), a state prisoner who is proceeding *pro se*, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On April 25, 2008, Mattress filed a motion for default and for summary judgment. On June 16, 2008, the respondent filed a return and a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(b). By order filed June 17, 2008, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to respond adequately to the motion. Mattress filed a response on July 11, 2008. (Docket Entry 21.) These motions are now before the court for a Report and Recommendation.

## BACKGROUND

Mattress was indicted in May 1999 in Anderson County for kidnapping (99-GS-04-1013), criminal sexual conduct in the first degree ("CSC 1st") (99-GS-04-1014), possession of a knife during commission of a violent crime (99-GS-04-1015), assault and battery of a high and aggravated

nature ("ABHAN") (99-GS-04-1016), and armed robbery (99-GS-04-1017).  (See PCR[1] R. on App. at 597-606, Docket Entry 18, Attachment 5.)  Petitioner was represented by Hemphill Pride, Esquire, and from February 8-10, 2000, was tried by a jury and found guilty as charged.  (PCR R. on App. at 1-592, Docket Entry 18, Attachments 1-4.)  The circuit court sentenced Mattress to consecutive sentences of thirty years for kidnapping, thirty years for CSC 1st, five years for possession of a knife, ten years for ABHAN, and thirty years for armed robbery.  (PCR R. on App. at 591-92; 705-09, Docket Entry 18, Attachments 5, 6.)

Trial counsel timely filed a direct appeal.  On appeal, Mattress was represented by Tara Taggart, Esquire, of the Office of Appellate Defense.  On September 27, 2001, Taggart filed an Anders[2] brief and a petition to be relieved as counsel, in which she raised the following issue:

> Whether the judge erred in failing to grant a directed verdict on all charges where there was no substantial evidence appellant was the perpetrator of the charged crimes.

(PCR R. on App. at 617, Docket Entry 18, Attachment 5.)  Thereafter, Mattress filed a *pro se* brief dated October 24, 2001.  Mattress raised the following issues in his direct appeal:

I.     Appellant was denied basic rights afforded under the South Carolina Code of Laws and Federal Rules of Criminal Procedures 5(3).

II.    Judge made improper comments in his instruction to jury.

III.   Contamination of jury by extraneous influences.

IV.   Confrontation clause was violated.

---

[1] Post-Conviction Relief.

[2] Anders v. California, 386 U.S. 738 (1967).  Anders requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal; furnish a copy of that brief to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited.  Anders, 386 U.S. at 744.



   V.  Evidence was inconclusive and tampered with.

   VI.  Appellant's right to a speedy trial and due process were violated.

(Appellant's *pro se* Br., Docket Entry 18, Attachment 9.)  The South Carolina Court of Appeals

dismissed the appeal after <u>Anders</u> review.  <u>State v. Mattress</u>, Unpub. Op. No. 02-UP-297 (S.C. Ct.

App. April 25, 2002);  (<u>see</u> <u>also</u> PCR R. on App. at 627, Docket Entry 18, Attachment 5).  The

remittitur was issued on May 30, 2002.  (Docket Entry 18, Attachment 10.)

   On September 13, 2002, Mattress filed an application for Post-Conviction Relief. <u>Mattress</u>

<u>v. State of South Carolina</u>, 02-CP-04-2859.  Mattress raised the following issues in his application:

   1.  Due Process Speedy Trial

   2.  Preliminary Hearing

   3.  Indictment

   4.  Particularity of Warrants

   5.  Discovery

   6.  Exclusionary Rules

   7.  South Carolina Rules of [E]vidence[]

   8.  "Due Process Clause of Proof Beyond Reasonable Doubt"

   9.  Ineffective Counsel.

(Docket Entry 18, Attachment 11); (<u>see</u> <u>also</u> Docket Entry 18, Attachment 5 at 628-32).  Mattress

also filed a "Motion for Amendment" in which he raised the following issues:

  1. Ineffective Assistance of counsel to be admended [sic] to secttion [sic] (i) of the
ineffective counsel section of the original Post- Conviction form.

  2. Warrant Requirements, to be admended [sic] as section (j) in the original Post
Conviction application.

PJG

(PCR R. on App. at 633, Docket Entry 18, Attachment 5.)  Mattress also submitted a "Memorandum of Law to Support PCR Application to the Judge Who Will Be Residing Over my Case" dated May 20, 2003.  (Docket Entry 18, Attachment 12.)  The State filed a Return on October 15, 2004. (Docket Entry 18, Attachment 13.)

On August 31, 2005, the PCR court held an evidentiary hearing at which Mattress was represented by Rodney Richey, Esquire.  (PCR R. on App. at 649, Docket Entry 18, Attachment 5.) Mattress called himself and trial counsel to testify at the hearing and the state called no witnesses. On November 28, 2005, the PCR court entered a Order of Dismissal with prejudice, rejecting Mattress's allegations.  (PCR R. on App. at 690, Docket Entry 18, Attachment 6.)

On December 1, 2005, Attorney Richey timely filed a Notice of Appeal with the South Carolina Supreme Court.  (Docket Entry 18, Attachment 14.)  Mattress was represented by Robert M. Pachak, Esquire, of the South Carolina Office of Appellate Defense.  On April 21, 2006, Attorney Pachak filed a <u>Johnson</u>[3] Petition for Writ of Certiorari and Petition to be Relieved as Counsel, in which he raised the following issue:

> Whether there was any evidence to support the PCR judge's findings that trial counsel and appellate counsel were not effective?

(Docket Entry 18, Attachment 15.)  Mattress then filed a *pro se*  "Petitioner for Writ of Certiorari," in which he alleged that (1) the PCR judge erred in not ruling on his constitutional and evidentiary claims, (2) the PCR judge erred in his ruling on Mattress's motion for default and request for hybrid representation, (3) the PCR judge erred in not finding appellate counsel ineffective, and (4) the PCR judge erred in not finding trial counsel ineffective and failing to rule on other attorneys in the

---

[3]<u>Johnson v. State</u>, 364 S.E.2d 201 (S.C. 1988) (applying the factors in <u>Anders</u> to post-conviction appeals).



application.  (See Docket Entry 1, Attachment 1.)  The State filed a letter return to the petitions on

April 25, 2006.  (Docket Entry 18, Attachment 16.)

The South Carolina Supreme Court transferred the PCR appeal to the South Carolina Court

of Appeals.  On September 21, 2007, the South Carolina Court of Appeals denied the petition for

a writ of certiorari.  (Docket Entry 18, Attachment 17.)  The remittitur was issued on October 9,

2007.  (Docket Entry 18, Attachment 18.)

In Mattress's petition for a writ of habeas corpus filed in this court, he raises the following

claims:

> **Ground One:**  Due Process of Law
> **Supporting Facts:** Petitioner had a right to arr[a]ignment, bond hearing, a preliminary hearing, indicted within the proper time limit, and a speedy trial, which he did not receive.  His constitutional right to discovery and particularity of warrants was also violated.  Petitioner was entitled to due process of law.
>
> **Ground Two:** Improper Comments in Instruction to Jury
> **Supporting Facts:** Judge instruction to jury was improper; Judge is prohibited from using personal opinion in instru[c]ting the law to a jury.  His instruction were [sic] improper and shifted the burden of presumption upon Petitioner.
>
> **Ground Three:** Evidence was Inconclusive and Tampered with
> **Supporting Facts:**  There was no chain of custody and control forms as require [sic] by law, evidence must be seized according to the guidelines in a safe and reliable way as the law requires from one point to the next.
>
> **Ground Four:** Contamination of Jury by Extraneous Influences
> **Supporting Facts:** The Petitioner was entitled to be tried by an impartial jury.  The jury in petitioner['s] case was tinted [sic].
>
> **Ground Five:** Violation of the Exclusionary Rule
> **Supporting Facts:**  The prosecutor are prohibit [sic] from introducing evidence that was obtained in violation of the fifth and sixth amendment[s].  This rule are [sic] for Judicial Purposes against state officials.



**Ground Six:**  Violation of the South Carolina Rule of Evidence, Rule 106(B) and Usage of Cumulative Evidence; Violation of SCRE, Rule 611(c), and Rule 407; SCRE 608; SCRE 403

> **Supporting Facts:** The trial Judge used personal knowledge in his instruction to the jury, and the prosecutor used cumulative evidence which confused and mislead [sic] the jury.  The RING, MAP, and testimoies [sic] of state official should have been excluded.  The Prosecutor used leading question on his direct examination of witness.  There was no subsequent measures of evidences admitted to prove ownership, control of the ring, sweatshirt.  Evidence of a witness character, conduct, bias, is attackable [sic].

**Ground Seven:** "Due Process of Proof Beyond Reasonable Doubt"

> **Supporting Facts:** The prosecutor did not establish guilt beyond reasonable doubt in the procedural content of Due Process at trial.  The evidence[] presented does not support guilt beyound [sic] a reasonable doubt.  The evidence was not established that it was found or seized on the victim body or that the victim was raped.  The prosecutor did not prove all the elements as required.  The evidence was insufficient to prove that petitioner raped the victim or had sex at all.  The prosecutor did not prove beyond reasonable doubt that the sweatshirt was founded on a[n] independent foundation.

(See Petition, Docket Entry 1.)

## DISCUSSION

### A.  Summary Judgment Standard

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case."  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party.

See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  However, "[o]nly disputes over



facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e). Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir.1990).

## B.    Habeas Corpus Standard of Review

### 1.    Generally

Mattress's petition for a writ of habeas corpus was filed after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Accordingly, Mattress's petition must also be reviewed in accordance with 28 U.S.C. § 2254(d) and (e). Lindh v. Murphy, 521 U.S. 320 (1997). Claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2). When reviewing a state



court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.   Rather, that application must also be unreasonable."  Williams v. Taylor, 529 U.S. 362, 410 (2000);  see also Humphries v. Ozmint, 397 F.3d 206 (4th Cir. 2005);  McHone v. Polk, 392 F.3d 691 (4th Cir. 2004).  Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

###        2.        Exhaustion Requirement

A habeas corpus petitioner may obtain relief in federal court only after he has exhausted his state court remedies.  28 U.S.C. § 2254(b)(1)(A).  "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court."  Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997).  Thus, a federal court may consider only those issues which have been properly presented to the highest state courts with jurisdiction to decide them.  Generally, a federal habeas court should not review the merits of claims that would be found to be procedurally defaulted (or barred) under independent and adequate state procedural rules.  Lawrence v. Branker, 517 F.3d 700, 714 (4th Cir. 2008);  Longworth v. Ozmint, 377 F.3d 437 (4th Cir. 2004); see also Coleman v. Thompson, 501 U.S. 722 (1991).  For a procedurally defaulted claim to be properly considered by a federal habeas court, the petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750.

### C.     Mattress's Motion for Default and Summary Judgment

On April 25, 2008, Mattress filed a motion for default and for summary judgment.  (Docket Entry 13.)  Mattress contends that the respondent should be held in default and that he is entitled to



summary judgment based on the fact that the respondent filed a motion for an extension of time to file his return to the petition on the day that his return was due—April 15, 2008.  By order dated April 16, 2008, the court granted the respondent's extension request and ordered that the respondent file his return by May 15, 2008.  The respondent requested and received a second extension of time on May 15, 2008.  The respondent timely filed his return on June 16, 2008.  Accordingly, the court recommends that Mattress's motion for default and summary judgment be denied.

**D.      Respondent's Motion for Summary Judgment**

**1.      Ground One**

Mattress's first ground for relief is "Due Process of Law."  Mattress asserts that his due process rights were violated because he alleges he was denied an arraignment, a bond hearing, and a preliminary hearing; was not timely indicted; was denied a speedy trial; and was denied his right to discovery.  He further alleges that he was denied due process because the warrants were insufficiently particular.

In Mattress's *pro se* brief on direct appeal, he contended that his due process rights were violated based on his assertion that he was allegedly denied an arraignment, bond hearing, and preliminary hearing. (Docket Entry 18, Attachment 9 at 7.)  As previously noted, the South Carolina Court of Appeals dismissed this appeal following <u>Anders</u> review.

In his PCR application, Mattress asserted that his due process right to a speedy trial was violated, that he was denied his right to a preliminary hearing, that his indictment was not filed within 30 days as required by Rule 3(c), SCRCrimP, that his warrants were insufficiently particular, and that the prosecutor failed to disclose required discovery.  (PCR App. at 2-3, 8-15, Docket Entry 18, Attachment 11.)  In his "Motion for Amendment," Mattress argues that the magistrate who issued the warrants was not neutral and detached since the magistrate had allegedly arrested the



petitioner in the past when the magistrate was a police officer. (PCR R. on App. at 638, Docket Entry 18, Attachment 5.)

At the PCR hearing, Mattress described some motions that he asked his attorney to file at trial, such as a motion to dismiss the case because of "vindictive prosecution" and "for a violation of my due process of law where I had sat in the jail six months without ever be[ing] indicted." (PCR R. on App. 662-63, Docket Entry 18, Attachment 6.) Mattress also testified that he brought to his trial counsel's attention issues with several documents, such as the fact that the bond form did not have a signature on it because Mattress never received an arraignment, and a document waving the right to public defenders services that did not indicate whether Mattress accepted or waived his right to court appointed counsel. (Id. at 663-65.)

Trial counsel also testified at the PCR hearing. He stated that he was retained approximately a month before the trial and moved diligently on this case. Counsel testified that, although there was not a preliminary hearing, he talked with the officers involved, filed numerous pre-trial motions, and received "voluminous" discovery, which indicated to counsel "who the witnesses were" and provided him with "a pretty good idea of that they were going to say." (Id. at 676-77.)

Further, counsel discussed the preparation of the case with Mattress. Counsel stated that Mattress had studied and read a lot of law that he believed applied to his case and had ideas about the proper manner of defense, but while counsel listened to them, he ultimately made the decisions on legal matters. Counsel testified that he filed a number of motions that he believed were appropriate in his experience and that covered Mattress's concerns. (Id. at 677-78, 682-83.) Counsel noted that while Mattress had read a lot of law, he was not certain that Mattress "had a good definitive understanding of what he had read and how it was applied as it related to his case." (Id. at 685.)



The PCR court did not rule on any of Mattress's freestanding claims, but it found no merit in any claim that trial counsel was "ineffective for failing to file a *pro se* motion to dismiss the case based on alleged of due process violations." The court found trial counsel's testimony more credible than Mattress's, that Mattress failed to demonstrate that the outcome of the trial would have been different, and that Mattress "failed to show prejudice from not being indicted for six months or being denied bond." (<u>Id.</u> at 696-97.)

In his *pro se* brief on PCR appeal, Mattress asserted that the PCR court erred in failing to rule on his freestanding "constitutional and evidentiary rules violation claims." As stated above, the South Carolina Court of Appeals dismissed the PCR appeal after <u>Johnson</u> review.

### i.      Arraignment, Bond Hearing, and Preliminary Hearing

Mattress first asserts that he was denied an arraignment, a bond hearing, and a preliminary hearing. These claims are procedurally barred from federal habeas corpus review.

In Mattress's case, no issue was raised at trial regarding the alleged denial of an arraignment, bond hearing, or preliminary hearing. Therefore, this issue would not have been preserved for direct appeal and would not have been reviewed by the state court as part of its <u>Anders</u> review. <u>See</u> <u>Anders</u>, 386 U.S. 738 (requiring the reviewing court to conduct an independent and complete examination of the proceedings to determine if there are issues of arguable merit); <u>Mizell v. Glover</u>, 570 S.E.2d 176, 180 (2002) ("In order to preserve an issue for appellate review, the issue must have been raised to and ruled upon by the trial court."). Since Mattress's issues would not have been preserved for appeal, he could not have properly presented the issue through his direct appeal brief.

Moreover, Mattress did not raise these specific freestanding claims in his PCR filings. Mattress mentioned in his testimony at his PCR hearing that his attorney failed to act after he pointed out some issues regarding bond and the arraignment. The PCR court only ruled on



Mattress's claim regarding ineffective counsel and did not rule on any freestanding claims.  See Drayton v. Evatt, 430 S.E.2d 517 (S.C. 1993) ("Issues that could have been raised at trial or on direct appeal cannot be asserted in an application for post-conviction relief absent a claim of ineffective assistance of counsel.").  Thus, because Mattress has not properly exhausted these claims and has not demonstrated sufficient cause for the default, prejudice, or that a fundamental miscarriage of justice will occur by failing to consider these claims, see Coleman, 501 U.S. at 750, these claims are procedurally barred from federal habeas review.

Even considering the merits of these claims, they are insufficient for relief.  Mattress has not established that he was denied an arraignment or bond hearing.  Further, even if he had been, these claims are not a basis for attacking his convictions and sentences.  See State v. Ariail, 426 S.E.2d 751, 753 (S.C. 1993) (stating that "arraignment is not a constitutional or statutory right but, rather, a mere formality"); Murphy v. Hunt, 455 U.S. 478, 481 (1982) (stating that a claim to *pretrial* bail is moot following a conviction).

Additionally, there is no state or federal constitutional right to a preliminary hearing, provided that there is a determination of probable cause prior to an extended restraint of liberty following an arrest.  See United States v. Kabat, 586 F.2d 325 (4th Cir. 1978) (quoting Gerstein v. Pugh, 420 U.S. 103 (1975)); State v. Keenan, 296 S.E.2d 676 (S.C. 1982).  Under South Carolina law, a preliminary hearing is not held if the defendant is indicted by a grand jury, which occurred in this case.  Rule 2(b), SCRCrimP.

### ii.    Timeliness of the Indictment and Speedy Trial

Mattress next contends that he was not "indicted within the proper time limit" and that his hearing was not held in a speedy manner.  Although Mattress asserted in his *pro se* brief on direct appeal that he was not timely indicted, Mattress did not raise this issue at trial, and therefore it was



not preserved for review. While he raised this issue in his PCR application, the PCR judge did not rule on it as a freestanding claim. See Drayton v. Evatt, 430 S.E.2d 517 (S.C. 1993) ("Issues that could have been raised at trial or on direct appeal cannot be asserted in an application for post-conviction relief absent a claim of ineffective assistance of counsel."). Thus, because Mattress has not properly exhausted these claims and has not demonstrated sufficient cause for the default, prejudice, or that a fundamental miscarriage of justice will occur by failing to consider these claims, see Coleman, 501 U.S. at 750, these claims are procedurally barred from federal habeas review.

Even considering the merits of this claim, it is an insufficient cause for relief. In Mattress's *pro se* direct appeal brief, he alleged that under the authority of State v. Brazell, 480 S.E.2d 64 (S.C. 1997), 18 U.S.C. § 3161, and the Speedy Trial Act, he had to be indicted within ninety days of his arrest. In his PCR case, Mattress asserted that his indictment and trial violated Rule 3(c) of the South Carolina Rules of Criminal Procedure.

In Brazell, the South Carolina Supreme Court examined whether an individual's due process rights were violated based on an alleged pre-indictment delay and denial of his right to a speedy trial. The Brazell Court applied a two-prong inquiry set forth by the United States Supreme Court. For a pre-indictment delay to violate due process, a defendant must prove the "delay caused substantial actual prejudice to his right to a fair trial" and, if prejudice is shown, then the court must balance it with the reasons for the delay. Brazell, 480 S.E.2d at 68-69. In determining a claim involving denial of a speedy trial, the court must consider: "(1) the length of the delay; (2) the reason the government asserts to justify the delay; (3) when and how the defendant asserted his right to a speedy trial; and (4) prejudice to the defendant." Id. at 70 (citing Barker v. Wingo, 407 U.S. 514 (1972)). Mattress was arrested on November 12, 1998, indicted in May of 1999, and tried in February of 2000. Mattress has failed to demonstrate any prejudice or that he even attempted to



timely assert these claims.  As such, the facts of this case are insufficient to establish that Mattress's due process rights were violated.

Moreover, 18 U.S.C. § 3161 is inapplicable to Mattress's case, as it applies to federal prosecutions.  Rule 3(c) of the South Carolina Rules of Criminal Procedure refers to a process by which an indictment should be filed with the clerk after the solicitor presents it to the grand jury. The South Carolina Supreme Court has held that a similar provision in the South Carolina Rules of Criminal Procedure, requiring solicitors to take action on arrest warrants within a certain time period, is purely administrative and nonjurisdictional, and provides no benefit to a criminal defendant from its violation.  State v. Culbreath, 316 S.E.2d 681 (S.C. 1984) (discussing the predecessor to Rule 3(c), SCRCrimP). Therefore, Mattress's claim of defective indictments or a due process violation from alleged violation of Rule 3(c) fails on the merits.

### iii.    Discovery Claims

Mattress asserts that his due process rights were violated because he was denied his right to discovery.  In his *pro se* brief on direct appeal, Mattress argued that police recovered a bank receipt, but that this document was not entered into evidence.  (Docket Entry 18, Attachment 9 at 12.)  In Mattress's PCR application, he contended that the prosecution failed to turn over witness statements, failed to enter chain of custody documents, and failed to disclose a bank receipt that would have allegedly been relevant to Mattress's alibi.  (Docket Entry 18, Attachment 11 at 14-15.)

Mattress was or should have been aware of all of these issues at trial.  He failed to raise any of them at that time and, therefore, they were not preserved for review on direct appeal.  While he raised them in his PCR application, to the extent that the PCR judge ruled on them, it was in the context of his ineffective assistance of counsel claim and not as freestanding claims.  See Drayton v. Evatt, 430 S.E.2d 517 (S.C. 1993) ("Issues that could have been raised at trial or on direct appeal



cannot be asserted in an application for post-conviction relief absent a claim of ineffective assistance of counsel.").  Thus, because Mattress has not properly exhausted these claims and has not demonstrated sufficient cause for the default, prejudice, or that a fundamental miscarriage of justice will occur by failing to consider these claims, see Coleman, 501 U.S. at 750, these claims are procedurally barred from federal habeas review.

Even considering the merits of these claims, they are insufficient for relief.  Trial counsel did not raise any claims of discovery violations as to witness statements at trial.  Further, counsel testified at the PCR hearing that he filed the pretrial discovery motions, received "voluminous documents" from the solicitor's office, which gave counsel a "pretty good idea of what [the witnesses] were going to say." (Docket Entry 18, Attachment 6 at 677.)  As to the bank receipt, the record does not establish that the police recovered one.  On cross examination, the chief investigating officer testified he sent an officer to search the scene for a receipt that matched the victim's transaction but one was not found.[4]  (Docket Entry 18, Attachment 3 at 314.)  Moreover, although Mattress appears to contend that the time on the receipt would support his albi, the police had a video from the bank of the bank transaction immediately preceding the crime that contained a time, (see Docket Entry 18, Attachment 1 at 77-79); (Docket Entry 18, Attachment 3 at 326), as well as the security log when the victim returned to work and requested the security officer to contact the Sheriff's Department, (Docket Entry 18, Attachment 1 at 120).  With regard to Mattress's claims regarding the failure to produce chain of custody forms, Mattress's trial counsel repeatedly challenged the chain of custody on the sweatshirt and other forensic evidence at trial. (See Docket Entry 18, Attachment 1 at 118, Attachment 3 at 382-83.)  While Mattress's substantive

---

[4]Later during cross examination, a report was entered into evidence that stated an ATM receipt was recovered at the scene; however, the chief investigating officer again reiterated that he had no such receipt.  (Docket Entry 18, Attachment 3 at 325-27.)



claim regarding the chain of custody forms is discussed in Ground Three, <u>infra</u>, his trial counsel did not raise any issues at trial pertaining to any discovery violations or chain of custody forms. No allegedly exculpatory and suppressed documents relating to the chain have been identified or offered. Accordingly, Mattress's claim is without merit.

### iv.    Particularity of the Warrants

Finally, Mattress contends that he was denied due process because his arrest warrants were insufficiently particular. This claim was not raised at trial or in Mattress's *pro se* brief on direct appeal. While he raised it in his PCR application, it was not addressed at the PCR hearing or ruled on by the PCR judge as a freestanding claim. <u>See</u> <u>Drayton v. Evatt</u>, 430 S.E.2d 517 (S.C. 1993) ("Issues that could have been raised at trial or on direct appeal cannot be asserted in an application for post-conviction relief absent a claim of ineffective assistance of counsel."). Therefore, for the reasons discussed above, this claim is procedurally barred from consideration in a federal habeas petition.

Moreover, even considering the merits, Mattress's claim fails. In his PCR application, Mattress specifically alleges that his arrest warrant for armed robbery was insufficiently particular because it referred to "jewelry" being taken and not a "mother's ring." In support of his argument, Mattress cites to case law requiring *search and seizure* warrants to describe the property to be seized with sufficient particularity to remove any discretion from the officer executing the warrant. <u>See</u>, <u>e.g.</u>, <u>Marron v. United States</u>, 275 U.S. 192 (1927). Mattress also asserts that the arrest warrants are invalid because the issuing magistrate was not neutral and detached based on the fact that the magistrate had allegedly arrested Mattress in the past. (<u>See</u> Pet'r's Resp. to Rep't's Mot. for Summ. J. at 8, Docket Entry 21.)



An arrest warrant may be issued "upon a showing that probable cause exists to believe that the subject of the warrant committed an offense." Steagald v. United States, 451 U.S. 204, 213 (1981). "Probable cause exists where 'the facts and circumstances within their [the arresting officers'] knowledge and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that' an offense has been or is being committed." Draper v. United States, 358 U.S. 307, 313 (1959) (alterations in original) (quoting Carroll v. United States, 267 U.S. 132, 162 (1925)). Whether the *arrest* warrant for robbery referred to the mother's ring that was allegedly stolen or used the more general term "jewelry" has no bearing on its validity. Furthermore, Mattress has not offered any evidence supporting his claim that the issuing magistrate was not neutral and detached or even evidence supporting the proposition that the magistrate had previously arrested him. Finally, even if the court determined that Mattress's arrest was invalid, it would not provide Mattress any relief. See Gerstein v. Pugh, 420 U.S. 103, 119 (1975) (stating that an "illegal arrest or detention does not void a subsequent conviction").

For the reasons discussed above, Mattress's first ground does not warrant habeas corpus relief.

### 2.    Ground Two

Mattress's second ground for relief is "Improper Comments in Instruction to Jury." Mattress contends that judge improperly charged the jury and improperly shifted the burden of proof to Mattress. During the jury charges, the trial judge stated that the jury needed to be "firmly convinced" of the defendant's guilt, and further stated that "there are very few things in this world that we know with absolute certainty." (PCR R. on App. at 564, Docket Entry 18, Attachment 5 at 564.) Trial counsel did not object to this instruction. The trial judge also stated:



> You should weigh all the evidence in this case, and after weighing all the evidence
> if you are not convinced of the guilt of the Defendant beyond a reasonable doubt, *you*
> *find him guilty*. If you are convinced then it would be your duty to find him guilty.

(Id. at 565) (emphasis added).  After the judge completed the jury charges, trial counsel took

exception to the error emphasized in the quote above.  The judge then brought the jury back to the

courtroom and corrected the jury charge.  Trial counsel raised no further objections on that issue.

(Id. 580-82.)

While Mattress raised the "absolute certainty" issue in his *pro se* brief on direct appeal, it

is procedurally barred.  There were no objections at trial as to the judge's explanation to the jury

describing "absolute certainty."  As to the judge's misstatement, the judge promptly corrected this

mistake and no further objections were made.  Therefore, this issue was not preserved for direct

appeal.  While he raised  the issue that the judge improperly charged the jury in his PCR application,

the PCR judge did not rule on any freestanding claims.  See Drayton v. Evatt, 430 S.E.2d 517 (S.C.

1993) ("Issues that could have been raised at trial or on direct appeal cannot be asserted in an

application for post-conviction relief absent a claim of ineffective assistance of counsel.").  Thus,

because Mattress has not properly exhausted these claims and has not demonstrated sufficient cause

for the default, prejudice, or that a fundamental miscarriage of justice will occur by failing to

consider these claims, see Coleman, 501 U.S. at 750, these claims are procedurally barred from

federal habeas review.[5]

Even considering this claim on the merits, Mattress has made no showing of prejudice.  The

error in the jury charge was clearly an inadvertent misstatement that was quickly corrected.

---

[5]In Mattress's response to the respondent's motion for summary judgment, he raises
numerous other issues with regard to the trial judge's jury instructions; however, these issues were
not raised on direct appeal.  Therefore, Mattress has not properly exhausted this claim and has not
demonstrated sufficient cause for the default, prejudice, or that a fundamental miscarriage of justice
will occur by failing to consider these claims.  See  Coleman, 501 U.S. at 750.



Additionally, the judge's "absolute certainty" language is not constitutionally impermissible.  See United States v. Mahabir, No. 95-5311, 1997 WL 297498 (4th Cir. April 11, 1997) (rejecting a challenge to a virtual identical reasonable doubt charge and discussing that such language is consistent with the definition proposed by the Federal Judicial Center and was quoted with approval in Justice Ginsberg's concurrence in Victor v. Nebraska, 114 S. Ct. 1239, 1253 (1994)).

For the reasons stated above, Mattress's second ground for relief does not warrant habeas corpus relief.

### 3.    Ground Three

Mattress's third ground for relief is "Evidence was Inconclusive and Tampered with." Mattress contends that there are issues with the chain of custody based on the fact that the proper chain of custody forms were not introduced at trial.  Accordingly, Mattress argues that, without these forms, a proper chain was not established on some of the evidence.  Trial counsel objected to the chain of custody at trial regarding several pieces of evidence; however, his objections were never based upon an alleged lack of chain of custody *forms*.  In Mattress's *pro se* brief on direct appeal, Mattress asserted that there were no custody and control forms as required by law.  However, since this ground was not raised at trial, it was not preserved for appeal.  See Taylor v. Medenica, 479 S.E.2d 35 (1996) (a party may not argue one ground for objection at trial and another ground on appeal).  While he raised this issue in his PCR application, the PCR judge only ruled on Mattress's claim for ineffective assistance of counsel and did not rule on Mattress's freestanding claims.  See Drayton v. Evatt, 430 S.E.2d 517 (S.C. 1993) ("Issues that could have been raised at trial or on direct appeal cannot be asserted in an application for post-conviction relief absent a claim of ineffective assistance of counsel."). Therefore, for the reasons discussed above, this issue was not preserved for PCR appellate review.  Thus, because Mattress has not properly exhausted these



claims and has not demonstrated sufficient cause for the default, prejudice, or that a fundamental miscarriage of justice will occur by failing to consider these claims, see Coleman, 501 U.S. at 750, these claims are procedurally barred from federal habeas review.

Even considering the merits of this claim, Rule 6 of the South Carolina Rules of Criminal Procedure, which Mattress partially relied upon in his direct appeal, provides that if certain forms and statements are completed, they are evidence of the chain of custody and relieve that person from being required to be present in court, unless the defendant timely demands that person's appearance. Thus, on its face, the rule does not *require* that these forms or statements be completed to properly establish a chain of custody.

Moreover, Mattress appears to rest this claim on state procedural law. Claims relating to the admissibility of evidence under state law are not reviewable by a federal habeas court absent extraordinary circumstances. See Spencer v. Murray, 18 F.3d 237 (4th Cir. 1994) ("[T]he admissibility of evidence under state law is not a question we consider on the merits on habeas review.); Bunch v. Thompson, 949 F.2d 1354 (4th Cir. 1991) (stating that absent extraordinary circumstances, question of admissibility of evidence are matter of state law). Accordingly, this issue is not cognizable in a federal habeas court, absent a showing of extraordinary circumstances, which Mattress has not demonstrated.

Additionally, even if Mattress's claim regarding chain of custody was reviewable, it is without merit. Mattress appears to focus his claim on a sweatshirt that was admitted into evidence. At the trial, the State presented testimony regarding each link in the chain to establish the chain of custody of the sweatshirt. Mattress argues that this evidence was prejudicial and that by not having the forms in advance, he was precluded from formulating a proper defense. (See Pet'r's Resp. to

Mot. for Summ. J. at 18, Docket Entry 21.)[6]  There is no requirement that the chain of custody be established through forms rather than testimony.  See Rule 6, SCRCrimP;  cf. State v. Sweet, 647 S.E.2d 202 (S.C. 2007) (noting that testimony from each custodian is not required where the gaps in the chain of custody may be established by other evidence of the identity of those who handled the evidence).  Mattress's arguments apply to the weight and credibility of the evidence, but not the admissibility.  State v. Carter, 544 S.E.2d 835, 837 (S.C. 2001) ("[W]here there is a weak link in the chain of custody, as opposed to a missing link, the question is only one of credibility and not admissibility.")  Moreover, the "party offering into evidence fungible items such as drugs or blood samples must establish a chain of custody *as far as practicable*."  State v. Taylor, 598 S.E.2d 735, 737 (S.C. Ct. App. 2004) (emphasis added).

For the reasons stated above, Mattress's third ground for relief does not warrant habeas corpus relief.

### 4.    Ground Four

Mattress's fourth ground for relief is "Contamination of Jury by Extraneous Influences." Mattress contends that the jury in his case was tainted and, therefore, he was not tried by an impartial jury.  During the trial, one of the jurors ("Juror T") brought to the judge's attention that he recognized Mattress and his family as patrons of his business and that he may have been in the presence of the victim's husband in a social setting.  (See PCR R. on App. at 204, Docket Entry 18, Attachment 2.)  Upon questioning by the judge, Juror T stated it would be awkward, but he affirmed he could still be fair to everyone.  (See id. at 207-08.)  In Mattress's *pro se* brief on direct appeal,

---

[6]For clarification, there is a discrepancy between the page numbers on Mattress's response to the respondent's motion for summary judgment and the actual number of the page as scanned. This appears to be due to the fact that Mattress has designated two pages as page fifteen.  The court's pinpoint cites refer to the page number as it appears in the Electronic Case Filing docket.



Mattress asserted that Juror T also stated that he feared for his life and indicated that he did not want to sit on the jury.[7] Mattress further alleged that the judge may have coerced Juror T into the staying on the jury by stating that he did not like to lose jurors.

These issues were not raised at Mattress's trial, and, therefore, were not preserved for appeal. In fact, after the juror confirmed that he could be fair to everyone, the judge asked if the attorneys had anything they would like to ask the juror and Attorney Pride stated "[n]othing from Defense." (PCR R. on App. at 208, Docket Entry 18, Attachment 2.)  Additionally, this issue was not raised in Mattress's PCR application.  Thus, because Mattress has not properly exhausted these claims and has not demonstrated sufficient cause for the default, prejudice, or that a fundamental miscarriage of justice will occur by failing to consider these claims, see Coleman, 501 U.S. at 750, these claims are procedurally barred from federal habeas review.

Even considering Mattress's claim on the merits, Mattress's has not shown any evidence that Juror T was not impartial.  "Due process means a jury capable and willing to decide the case solely on the evidence before it, and a trial judge ever watchful to prevent prejudicial occurrences and to determine the effect of such occurrences when they happen."  Smith v. Phillips, 455 U.S. 209 (1982).  In this case, as soon as the judge received notification that a juror recognized persons involved in the case, he questioned Juror T on the record and Juror T affirmed that he could be fair.

For the reasons stated above, Mattress's fourth ground for relief does not warrant habeas corpus relief.

### 5.    Ground Five

Mattress's fifth ground for relief is "Violation of the Exclusionary Rule."  Mattress contends that the prosecutor introduced evidence in violation of the Fifth and Sixth Amendments.  The

---

[7]A review of the trial transcript does not support this statement.



respondent contends that this allegation fails to state a claim because it is too vague, as Mattress does not indicate which evidence was improper and why it violated his constitutional rights. Conclusory statements without specific factual allegations do not warrant habeas relief.  <u>See</u> 28 U.S.C.A. foll. § 2254, Rule 2 (c) ("The petition must . . . state the facts supporting each ground . . . ."); <u>Nickerson v. Lee</u>, 971 F.2d 1125, 1136 (4th Cir.1992) ("Unsupported, conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing."), <u>abrogated on other grounds by</u> <u>Yeatts v. Angelone</u>, 166 F.3d 255 (4th Cir. 1999); <u>see also</u> <u>Wiggins v. Lockhart</u>, 825 F.2d 1237, 1238 (8th Cir.1987) (stating that "a habeas corpus petitioner must allege sufficient facts to establish a constitutional claim" and conclusory statements are insufficient).  However, in Mattress's response to the respondent's motion for summary judgment he indicates exactly which exhibits he contends were introduced in violation of the Fifth and Sixth Amendments.  (<u>See</u> Docket Entry 21 at 22-28.)

Based on Mattress's response, it appears he is challenging the sweatshirt (based on an insufficient chain of custody and that it was insufficiently maintained), the ring (based on the fact that there was insufficient proof of ownership and control), and a map and a photograph (based on the fact that they depicted the crime scene a year later after bushes were cut down and were prejudicial).[8]  In Mattress's *pro se* brief on direct appeal, he argued that these items should have been excluded.  However, Mattress did not argue at trial, in his *pro se* brief on direct appeal, or in his PCR application that the introduction of this evidence violated the Fifth and Sixth Amendments or Rule 403 of the South Carolina Rules of Evidence.  Moreover, although Mattress raised a similar issue in his PCR application, it was not ruled upon by the PCR judge as a freestanding claim.  <u>See</u>

---

[8]Mattress also claims that the introduction of all of this evidence violated Rule 403, SCRE because it was confusing and misleading.  Further, Mattress mentions excluding DNA evidence, fingerprints, and the testimony of officers of the South Carolina State Law Enforcement Division without any further discussion.



Drayton v. Evatt, 430 S.E.2d 517 (S.C. 1993) ("Issues that could have been raised at trial or on direct appeal cannot be asserted in an application for post-conviction relief absent a claim of ineffective assistance of counsel."). Thus, because Mattress has not properly exhausted these claims and has not demonstrated sufficient cause for the default, prejudice, or that a fundamental miscarriage of justice will occur by failing to consider these claims, see Coleman, 501 U.S. at 750, these claims are procedurally barred from federal habeas review.

     **6.**       **Ground Six**

     Mattress's sixth ground for relief is "Violation of the South Carolina Rule of Evidence, Rule 106(B) and Usage of Cumulative Evidence; Violation of SCRE, Rule 611(c), and Rule 407; SCRE 608; SCRE 403." Mattress asserts numerous violations of the South Carolina Rules of Evidence. The claims were not raised in Mattress's *pro se* brief on direct appeal. While he raised them in his PCR application, the PCR judge only ruled on them in the context of his ineffective assistance of counsel claim and not as freestanding claims. See Drayton v. Evatt, 430 S.E.2d 517 (S.C. 1993) ("Issues that could have been raised at trial or on direct appeal cannot be asserted in an application for post-conviction relief absent a claim of ineffective assistance of counsel."). Thus, because Mattress has not properly exhausted these claims and has not demonstrated sufficient cause for the default, prejudice, or that a fundamental miscarriage of justice will occur by failing to consider these claims, see Coleman, 501 U.S. at 750, these claims are procedurally barred from federal habeas review.

     Notwithstanding the procedural bar, claims relating to the admissibility of evidence under state law are not reviewable by a federal habeas court absent extraordinary circumstances. See Spencer v. Murray, 18 F.3d 237 (4th Cir. 1994) ("[T]he admissibility of evidence under state law is not a question we consider on the merits on habeas review.); Bunch v. Thompson, 949 F.2d 1354



(4th Cir. 1991) (stating that absent extraordinary circumstances, question of admissibility of evidence are matter of state law). Accordingly, this issue is not cognizable in a federal habeas court, absent a showing of extraordinary circumstances, which Mattress has not demonstrated.

### 7.    Ground Seven

Mattress's seventh ground for relief is "Due Process of Proof Beyond Reasonable Doubt." Mattress alleges that the evidence did not establish guilt beyond a reasonable doubt and that the prosecutor did not prove each element of each crime. Mattress raised this claim in both his *pro se* direct appeal and in his PCR application.

The critical inquiry when reviewing this claim is "whether, after reviewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 318-19 (1979) (emphasis in original). In this case, evidence was introduced that Mattress's DNA was found on the victim's shirt, that the victim's "mother's ring" was found through a pawn shop linked to Mattress's girlfriend who linked it to Mattress, and that Mattress resided in the area of the crime. Mattress's arguments in this matter center around the weight of the evidence. He discusses the weak links in the chain of custody for the victim's shirt, the ring, and the DNA evidence. However, even considering Mattress's arguments, there was ample evidence for a reasonable trier of fact to find Mattress guilty beyond a reasonable doubt.

For the reasons stated above, Mattress's seventh ground for relief does not warrant habeas corpus relief.

### 8.    Other Grounds

In Mattress's response to the respondent's motion for summary judgment, Mattress attempts to assert several issues that were not included in his petition. For example, Mattress attempts to



argue that all of his counsel, including trial and appellate counsel, were ineffective.  (See Docket Entry 21 at 45-58.)  However, this issue was not presented in Mattress's federal habeas corpus petition and he has not moved to amend his petition to include this claim.  See 28 U.S.C. § 2242 (providing that habeas corpus petitions "may be amended . . . as provided in the rules of procedure applicable to civil actions"); 28 U.S.C.A. foll. §2254, Rule 2(b) ("The petition must . . . specify all the grounds for relief available to the petitioner . . . .").  Accordingly, these grounds do not warrant habeas corpus relief.

## RECOMMENDATION

For the foregoing reasons, the court recommends that the petitioner's motion for default and summary judgment (Docket Entry 13) be denied and the respondent's motion for summary judgment (Docket Entry 17) be granted.

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

January 28, 2009
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).